UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                            :
IN RE APPLICATION OF ABBVIE LOGISTICS B.V.    :        26-MC-284 (JMF)
FOR AN ORDER SEEKING DISCOVERY                :
PURSUANT TO 28 U.S.C. § 1782                            :        ORDER
                                                            :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

AbbVie Logistics B.V. ("Applicant") brings this application pursuant to 28 U.S.C. § 1782 for an order authorizing discovery from Standard Chartered Bank, N.A. (New York Branch) ("Standard Chartered") and National Bank of Kuwait S.A.K.P. (New York Agency) ("NBK-NY") (collectively, "Respondents") by means of a subpoena served pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Having considered Applicant's submissions, the Court concludes — without prejudice to the timely filing of a motion to quash the subpoena and, in the event such a motion is filed, subject to reconsideration — that Section 1782's statutory requirements are met and that the so-called *Intel* factors favor granting the application.  *See, e.g.*, *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

Accordingly, the application is GRANTED.  Applicant's U.S. counsel, Eric L. Lewis, is authorized to serve the subpoena attached as Exhibit 9 to the Memorandum of Law, Docket No. 5-9, on Respondents, together with a copy of this Order, no later than **thirty days** from the date of this Order.  No later than **the same date**, and *before* serving the subpoena on Respondents, Applicant shall provide actual notice and courtesy copies of the subpoena, application, and supporting documents to the party or parties against whom the requested discovery is likely to be used through any such party's counsel, or if the identity of such party's counsel is unknown, on that party directly.  *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district

court's power to issue a subpoena under the terms of an authorizing statute." (internal quotation marks omitted)).  Applicant shall promptly file proof of such service on ECF.

Any further proceedings shall be governed by the Federal Rules of Civil Procedure, the Court's Local Rules (http://nysd.uscourts.gov/courtrules.php), and the Court's Individual Rules and Practices in Civil Cases, (http://nysd.uscourts.gov/judge/Furman).  If the parties believe that a protective order is appropriate or necessary, they shall file a joint proposed protective order on ECF, mindful that the Court will strike or modify any provision that purports to authorize the parties to file documents under seal without Court approval.  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  In the event of any dispute concerning the subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court.

The Clerk of Court is directed to terminate Docket Nos. 1 & 4 and to close the case.

SO ORDERED.

Dated: June 23, 2026
New York, New York

JESSE M. FURMAN
United States District Judge